IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ELIZABETH NOETZEL, | ) | CIV. NO. 15-00310 SOM-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATION TO GRANT |
| | ) | ELIZABETH NOETZEL'S MOTION |
| HAWAII MEDICAL SERVICE | ) | TO REMAND (DOC. 6) |
| ASSOCIATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT ELIZABETH
NOETZEL'S MOTION TO REMAND (DOC. 6)

Before the Court is Plaintiff Elizabeth Noetzel's Motion to Remand

(Doc. 6).   After careful consideration of the Motion, the supporting and opposing

memoranda, and the arguments of counsel, the Court finds and recommends that

the Motion to Remand be GRANTED.

BACKGROUND

On September 2, 2010, Noetzel sustained serious and permanent

injuries when her vehicle was struck by a large truck owned by Kuwayne Trucking

Inc. and operated by its employee, Byron Candaroma.   (Petition ¶ 6.)   She

suffered head, neck and back injuries.   (Id. ¶ 7.)   Defendant Hawaii Medical

Service Association ("HMSA") provided health insurance benefits to Noetzel for

the injuries she sustained.   (<u>Id.</u> ¶ 8.)

Noetzel subsequently filed a motor vehicle tort action in Hawaii state court against the owner and operator of the truck that hit her.   (<u>Id.</u> ¶ 9.)   The parties reached a settlement of her claims, the terms of which remain confidential. (<u>Id.</u> ¶¶ 9-10.)   After settling that action, HMSA, through its licensed collection agency, The Rawlings Company LLC, advised Noetzel that it sought reimbursement from the above-mentioned settlement for the health benefits provided to her.   (<u>Id.</u> ¶ 13.)

On July 2, 2015, Noetzel filed the instant Petition for Determination of Validity of Claim of Lien of HMSA in state court.   The Petition is brought pursuant to Haw. Rev. Stat. § 431:13-103(a)(10) and § 663-10 and seeks a determination of the validity of HMSA's claim of lien against Noetzel's settlement.

On August 7, 2015, HMSA removed the action to federal court, asserting that this Court "has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Noetzel's state law claims are preempted by ERISA, 29 U.S.C. § 1144(a)."   (Notice of Removal ¶ 7.)   HMSA posits in the Notice of Removal that "[a]ll of Noetzel's claims raised in the Petition necessarily reference her ERISA-governed health insurance plan, and are therefore preempted."   (<u>Id.</u> ¶ 10.)

2

On August 24, 2015, Noetzel filed the present Motion for Remand. She argues that her state law claim for determination of the validity of HMSA's claim of lien is not completely preempted by ERISA and, therefore, this Court lacks federal jurisdiction over the action.

## DISCUSSION

1.  Removal and Complete Preemption Under ERISA 502(a)

Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action.  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1243 (9th Cir. 2009).   Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.   "Generally speaking, 'a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.'" Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009) (brackets omitted).   However, "there is an exception to the well-pleaded complaint rule for state-law causes of action that are completely preempted by [ERISA] § 502(a)."   Id.

"Complete preemption under § 502(a) is 'really a jurisdictional rather than a preemption doctrine, as it confers exclusive federal jurisdiction in certain

3

instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim.'" Id. at 945 (brackets omitted).   In articulating this doctrine, the Supreme Court "held that § 502(a) reflected Congress's intent to 'so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" Id. (citing Metro. Life Ins. v. Taylor, 481 U.S. 58, 63-64 (1987)).   The Court explained that while "'federal pre-emption is ordinarily a federal defense to the plaintiff's suit,' Congress had 'clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court.'" Id. (citing Metro., 481 U.S. at 63, 66).

      "A party seeking removal based on federal question jurisdiction must show either that the state-law causes of action are completely preempted by § 502(a) of ERISA, or that some other basis exists for federal question jurisdiction." Id.   "If a complaint alleges only state-law claims, and if these claims are entirely encompassed by § 502(a), that complaint is converted from 'an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Id.   "But 'if the doctrine of complete preemption does not apply, . . . the district court is without subject matter jurisdiction." Id. (brackets omitted).

4

2.  Noetzel's State Law Claim

HMSA removed this action to federal court based on federal question jurisdiction, arguing that Noetzel's state law claim is completely preempted by ERISA § 502(a).  (Notice of Removal ¶ 7.)  Noetzel's claim seeks a determination of the validity of HMSA's claim of lien against Noetzel's motor vehicle tort settlement.  Noetzel's claim is brought pursuant to Haw. Rev. Stat. § 431:13-103(a)(10) and § 663-10.

Section 431:13-103(a)(10) defines the following action as an "unfair or deceptive act[] or practice[] in the business of insurance":

> (10) Refusing to provide or limiting coverage
>      available to an individual because the individual
>      may have a third-party claim for recovery of
>      damages; provided that:
>      (A) Where damages are recovered by judgment
>          or settlement of a third-party claim,
>          reimbursement of past benefits paid shall be
>          allowed pursuant to section 663-10.

Haw. Rev. Stat. § 431:13-103(a)(10).  In turn, section 663-10 allows a party to petition the court to determine the validity and amount of a lien against a third-party settlement:

> (a) In any civil action in tort, the court, before any
>     judgment or stipulation to dismiss the action is approved,
>     shall <u>determine the validity of any claim of a lien</u> against
>     the amount of the judgment or settlement by any person
>     who files timely notice of the claim to the court or to the

5

> parties in the action.   The judgment entered, or the order subsequent to settlement, shall include a <u>statement of the amounts, if any, due and owing to any person determined by the court to be a holder of a valid lien and to be paid to the lienholder out of the amount of the corresponding special damages recovered by the judgment or settlement</u>. . . . If there is a settlement before suit is filed or there is no civil action pending, then any party may petition a court of competent jurisdiction for a determination of the validity and amount of any claim of a lien.

Haw. Rev. Stat. § 663-10 (a) (emphases added).

This Court must determine whether Noetzel's state law claim pursuant to Haw. Rev. Stat. § 431:13-103(a)(10) and § 663-10 is completely preempted by ERISA § 502(a).

### 3.   Whether Noetzel's State Law Claim is Completely Preempted by ERISA § 502(a)

In <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200, 210 (2004), the United States Supreme Court formulated a two-prong test for determining whether a state law cause of action is completely preempted by ERISA § 502(a).   "A state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought the claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" <u>Marin</u>, 581 F.3d at 946 (brackets omitted).   Because this "two-prong test . . . is in the conjunctive," a "state-law cause of action is preempted by § 502(a)(1)(B) only

if both prongs of the test are satisfied." Id. at 947.   Additionally, the complete

preemption doctrine applies to the other subparts of § 502(a) as well."   Fossen v.

Blue Cross & Blue Shield of Mont., Inc., 660 F.3d 1102, 1108 (9th Cir. 2011)

       With respect to the first prong of the test, this Court must determine

whether Noetzel could have brought her state law claim under ERISA § 502(a).

Noetzel argues that she could not have brought her claim under the civil

enforcement provisions of § 502(a) because "this is not a suit for benefits under a

plan," as she "is not seeking funds or benefits to which she is entitled under an

ERISA plan."   (Motion at 10.)   HMSA counters that the claim could have been

brought under § 502(a)(1) or (3), arguing that "Noetzel's claim is, in essence, a

claim for benefits."   (Opp. at 10.)

       ERISA § 502(a)(1) authorizes civil enforcement actions by

participants or beneficiaries "to recover benefits due to him under the terms of his

plan, to enforce his rights under the terms of the plan, or to clarify his rights to

future benefits under the terms of the plan."   Section 502(a)(3) permits actions by

participants or beneficiaries "(A) to enjoin any act or practice which violates any

provision of this subchapter or the terms of the plan, or (B) to obtain other

appropriate equitable relief (i) to redress such violations or (ii) to enforce any

provisions of this subchapter or the terms of the plan."   29 U.S.C. § 1132(a).

Noetzel's claim in her Petition simply seeks a determination by the Court of the validity of HMSA's claim of lien against the settlement she recovered in her motor vehicle tort action.   She does not seek to recover benefits from HMSA under the terms of her plan, nor is she attempting to enforce or clarify her rights under the terms of the plan.   <u>See</u> 29 U.S.C. § 1132(a)(1).   Further, Noetzel does not allege that HMSA violated ERISA, is not seeking to enjoin actions that violate ERISA, and does not seek equitable relief relating to violations of ERISA.   <u>See</u> 29 U.S.C. § 1132(a)(3).   Rather, she seeks protection from Hawaii state insurance law that limits the amount of a valid lien to "the amount of the corresponding special damages recovered by the . . . settlement."   Haw. Rev. Stat. § 663-10(a). Noetzel's claim could not have been brought under ERISA § 502(a)(1) or (3).

In a factually similar case, the Second Circuit Court of Appeals recently held that the plaintiffs' state law claims could not have been brought under ERISA § 502(a).   In <u>Wurtz v. Rawlings Co., LLC</u>, the plaintiffs filed suit in state court seeking to enjoin defendant insurers from obtaining reimbursement of medical benefits from plaintiffs' tort settlements under New York law.   761 F.3d 232, 236 (2d Cir. 2013).   They sought a declaration that defendants did not have the right to seek reimbursement or subrogation of medical benefits against their settlements.   <u>Id.</u> at 237.   The defendants removed the case to federal district court,

which dismissed the case.   Id. at 237.

On appeal, the Second Circuit had to decide whether the plaintiffs' state law claims were completely preempted by ERISA § 502(a)(1)(B).   With respect to the first prong of the test, the court concluded that the plaintiffs could not have brought their claims under § 502(a)(1)(B), reasoning:

> ERISA § 502(a)(1)(B) allows a plaintiff "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."   The claims in plaintiffs' complaint seek to do none of these things.   Plaintiffs do not contend that they have a right to keep their tort settlements "under the terms of their plans"—rather, they contend that they have a right to keep their tort settlements under N.Y. Gen. Oblig. Law § 5– 335.   They also do not seek to "enforce" or "clarify" their rights "under the terms of their plans" because the state right they seek to enforce—to be free from subrogation—is not provided by their plans.   Indeed, the terms of plaintiffs' ERISA plans are irrelevant to their claims.   Plaintiffs' claims are thus unlike the claims for benefits that were held completely preempted in Davila, for which "the wording of the plans was certainly material to the state causes of action."   As plaintiffs explain, they "have already received all the benefits they were due in the form of medical expense coverage, and make no claim for any more."

Id. at 242 (brackets and citations omitted).   The court noted that "plaintiffs' claims are based on a state law that regulates insurance and are not based on the terms of their plans."   Id.   Because the defendant insurers failed to satisfy the test for

9

complete preemption, the Second Circuit concluded that it lacked federal subject matter jurisdiction.

As in <u>Wurtz</u>, Noetzel's ERISA plan is irrelevant to her state law claim, and the Court finds that Noetzel's state law claim for determination of the validity of HMSA's claim of lien could not have been brought under § 502(a). Consequently, HMSA fails to satisfy the first prong of the <u>Davila</u> test, and the Court finds that Noetzel's claim is not completely preempted by § 502(a).   <u>Marin</u>, 581 F.3d at 947 ("A state-law cause of action is preempted by §502(a)(1)(B) only if both prongs of the test are satisfied.").   Because the claim is not completely preempted, HMSA fails to establish federal question jurisdiction and the Court recommends that this action be remanded.   <u>Id.</u> ("Because the claims are not completely preempted under § 502(a)(1)(B), there is no federal question subject matter jurisdiction in federal court.   Removal from state court was therefore improper.").

<u>CONCLUSION</u>

The Court finds that it lacks jurisdiction over this case and removal was therefore improper.   Consequently, the Court recommends that this action be remanded to state court.   Accordingly, the Court finds and recommends that Elizabeth Noetzel's Motion for Remand be GRANTED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 28, 2016.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Elizabeth Noetzel v. HMSA, CIV. NO. 15-00310 SOM-BMK, FINDINGS AND RECOMMENDATION TO GRANT ELIZABETH NOETZEL'S MOTION TO REMAND (DOC. 6).