IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ELIZABETH NOETZEL, | ) | CIVIL NO. 15-00310 SOM-KJM |
| | ) | CIVIL NO. 15-00317 SOM-KJM |
| Plaintiff, | ) | |
| | ) | (consolidated) |
| vs. | ) | |
| | ) | **ORDER GRANTING DEFENDANT** |
| HAWAII MEDICAL SERVICE ASSOCIATION, | ) | **HAWAII MEDICAL SERVICE** |
| | ) | **ASSOCIATION'S MOTION FOR** |
| Defendant. | ) | **PARTIAL SUMMARY JUDGMENT** |
| _____ | ) | |
| | ) | |
| HAWAII MEDICAL SERVICE ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ELIZABETH NOETZEL, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT HAWAII MEDICAL SERVICE
ASSOCIATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before this court is a motion for partial summary judgment brought by Defendant Hawaii Medical Service Association. HMSA requests a judicial determination that the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq., preempts the state statutes relied on by Plaintiff Elizabeth Noetzel. See HMSA's Motion for Partial Summary Judgment, ECF No. 41, PageID # 704. Relying heavily on its reasoning in declining to remand this removed case, this court grants HMSA's motion for partial summary judgment.

1

**I.      BACKGROUND.**

Pursuant to an ERISA plan, HMSA provided Noetzel with health insurance coverage for injuries she suffered in a car accident. See HMSA Concise Statement of Facts, ECF No. 42, PageID #s 736-37; see also Noetzel's Petition for Determination of Claim, Exhibit A to HMSA's Notice of Removal, ECF No. 1-2, PageID #s 12-13. Noetzel filed a motor vehicle tort action in Hawaii state court, which she ultimately settled. See ECF No. 42, PageID # 737; ECF No. 1-2, PageID # 13.

Upon learning of the settlement, HMSA notified Noetzel that it intended to seek reimbursement from the settlement proceeds for the health benefits provided to her, pursuant to the reimbursement terms of its ERISA plan. See ECF No. 42, PageID # 738; ECF No. 1-2, PageID # 13-14. The plan's "Guide to Benefits" gave HMSA the following:

> a right to be reimbursed for any benefits we provide, from any recovery received from or on behalf of any third party or other source of recovery in connection with the injury or illness, including, but not limited to, proceeds from any:
>
> Settlement, judgment, or award;
>
> . . . .
>
> We shall have a first lien on such recovery proceeds, up to the amount of total benefits we pay or have paid related to the injury or illness. You must reimburse us for any benefits paid, even if the recovery proceeds obtained (by

>
> settlement, judgment, award, insurance proceeds, or other payment):
>
> Do not specifically include medical expenses;
>
> Are stated to be for general damages only;
>
> Are for less than the actual loss or alleged loss suffered by you due to the injury or illness;
>
> Are obtained on your behalf by any person or entity, including your estate, legal representative, parent, or attorney;
>
> Are without any admission of liability, fault, or causation by the third party or payor.
>
> Our lien will attach to and follow such recovery proceeds even if you distribute or allow the proceeds to be distributed to another person or entity.  Our lien may be filed with the court, any third party or other source of recovered money, or any entity or person receiving payment regarding the illness or injury.

ECF No. 10-2, PageID # 158.

Noetzel filed a Petition for Determination of Validity of Claim of Lien of HMSA in state court.  See ECF No. 1-2.  The Petition asked the state court for a determination that, under Haw. Rev. Stat. §§ 431:13-1-3(a)(10) and 663-10, HMSA was not entitled to reimbursement from the settlement proceeds, because those proceeds "[did] not correspond to special damages recovered in the subject settlement."  See id., PageID # 15.  Noetzel read Haw. Rev. Stat. § 663-10 as permitting recovery by an insurer, such as HMSA, of benefits paid for only special, not general, damages in a settlement.  See id., PageID # 14.

HMSA removed the civil action to federal court, asserting that this court had original jurisdiction over the matter because Noetzel's state law claims were completely preempted by ERISA § 502(a), 29 U.S.C. § 1132(a). See ECF No. 1, PageID #s 3-4. Noetzel responded by filing a Motion to Remand, contending that her claims implicated only state law, were not completely preempted by ERISA, and thus were not a matter over which this court had federal question jurisdiction. See ECF No. 6.

The Magistrate Judge issued his Findings and Recommendation to Grant Elizabeth Noetzel's Motion to Remand. See ECF No. 16, PageID # 236. The F & R recommended remand on the ground that, under the two-part test set forth by the United States Supreme Court in Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004), Noetzel's action was not completely preempted by ERISA § 502(a). See id., PageID #s 238-43.

This court disagreed with the Magistrate Judge and denied Noetzel's Motion to Remand, concluding that Noetzel's claims were completely preempted by ERISA § 502(a). See Noetzel v. Haw. Med. Serv. Ass'n, 2016 WL 1698264, at *14 (D. Haw. Apr. 27, 2016).

Noetzel unsuccessfully sought reconsideration.  See Noetzel v. Haw. Med. Serv. Ass'n, 2016 WL 4033099, at *1 (D. Haw. July 27, 2016).

In the present Motion for Partial Summary Judgment, HMSA seeks a substantive determination that Haw. Rev. Stat. §§ 431:13-103(a)(10) and 663-10 cannot be applied "to preclude enforcement of HMSA's lien from the proceeds of Noetzel's settlement."  See ECF No. 41-1, PageID #s 711-12.

**II.      STANDARD OF REVIEW.**

Summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010).  See Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  A movant must support his position that a material fact is or is not genuinely disputed by either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials"; or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce

admissible evidence to support the fact." Fed. R. Civ. P. 56(c).

One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See id. at 323. A moving party without the ultimate burden of persuasion at trial—-usually, but not always, the defendant—-has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).

The burden initially falls on the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted).

The nonmoving party must set forth specific facts showing that there is a genuine issue for trial. T.W. Elec. Serv., Inc., 809 F.2d at 630. At least some "'significant probative evidence tending to support the complaint'" must be produced. Id. (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). See Addisu, 198 F.3d at 1134 ("A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."). "[I]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." Cal. Arch'l Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987) (citing Matsushita Elec. Indus. Co., 475 U.S. at 587). Accord Addisu, 198 F.3d at 1134 ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

All evidence and inferences must be construed in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc., 809 F.2d at 631.

7

**III.     ANALYSIS.**

HMSA contends that ERISA preempts Haw. Rev. Stat. §§ 431:13-103(a)(10) and 663-10, the state statutes Noetzel relies on. See ECF No. 41-1, PageID # 710. HMSA says that neither of these state statutes "can be applied to preclude enforcement of HMSA's lien from the proceeds of Noetzel's settlement." ECF No. 41-1, PageID # 712.

The parties do not dispute that Noetzel's Preferred Provider Plan with HMSA qualifies as an ERISA plan and that Noetzel was a beneficiary of that plan. See HMSA Concise Statement of Facts, ECF No. 42, PageID # 737; Noetzel's Concise Statement of Facts, ECF No. 47, PageID # 776. See also Noetzel v. Haw. Med. Serv. Ass'n, 2016 WL 1698264, at *5 (D. Haw. Apr. 27, 2016) (noting in court order that "Noetzel does not dispute that HMSA's Preferred Provider Plan qualifies as an ERISA plan and that she was a beneficiary of the Plan"). Neither HMSA nor Noetzel raises any factual dispute relating to this motion. HMSA seeks only a legal determination that ERISA precludes application of two state statutes that Noetzel views as protecting her from HMSA's reimbursement claim.

This court begins with Noetzel's request that, if this court has difficulty interpreting the two state statutes in issue, this court certify questions of the applicability and

interpretation of state law to the Hawaii Supreme Court. In its orders declining to remand Noetzel's claims and then declining to reconsider that remand ruling, this court set forth in some detail the state and federal rulings it was relying on. The present order turns on precisely those state and federal rulings and this court's analyses of those rulings. Just as this court viewed those rulings as providing sufficient guidance to this court earlier, this court sees no need to certify questions to the Hawaii Supreme Court on the present motion. Moreover, as HMSA points out, the critical issue raised by the present motion is whether ERISA preempts application of state laws. This issue goes to how federal law operates on state laws, not on the meaning of any state law standing on its own. Construing and applying federal law is at the heart of what federal courts do; federal courts do not typically burden state courts with questions about how federal law operates.

      The present motion seeks a substantive ruling that Noetzel's claims are preempted by ERISA. That is precisely what the court determined in declining to remand Noetzel's claims. That is, although Noetzel pled her claims as if they were based purely on state law, this court found federal questions raised because Noetzel's claims were completely preempted by ERISA. Consistent with the reasoning in both the denial of remand and

9

the denial of reconsideration of that remand order, this court grants partial summary judgment to HMSA, determining that Noetzel's claims are preempted by ERISA for the very reasons set forth in this court's earlier orders on the subject.

**IV.    CONCLUSION.**

HMSA's motion for partial summary judgment is granted. No later than January 13, 2017, each party is directed to file a statement of no more than 500 words of what issues remain to be adjudicated and what proceedings are proposed in this case prior to entry of judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 27, 2016.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Elizabeth Noetzel v. Hawaii Medical Service Association, Civ. No. 15-00310 SOM-KJM; and Hawaii Medical Service Association v. Elizabeth Noetzel, Civ. No. 15-00317 SOM-KJM (consolidated cases); ORDER GRANTING DEFENDANT HAWAII MEDICAL SERVICE ASSOCIATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT.