IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIZABETH NOETZEL,<br><br>        Plaintiff,<br><br>  vs.<br><br>HAWAII MEDICAL SERVICE ASSOCIATION,<br><br>        Defendant.<br>_____<br><br>HAWAII MEDICAL SERVICE ASSOCIATION,<br><br>        Plaintiff,<br><br>  vs.<br><br>ELIZABETH NOETZEL,<br><br>        Defendant.<br>_____ | CIVIL NO. 15-00310 SOM-KJM<br>CIVIL NO. 15-00317 SOM-KJM<br><br>(consolidated)<br><br>**ORDER CONTINUING HEARING ON NOETZEL'S MOTION FOR SUMMARY JUDGMENT** |

**ORDER CONTINUING HEARING ON NOETZEL'S MOTION FOR SUMMARY JUDGMENT**

        On January 5, 2017, Defendant Elizabeth Noetzel filed a Motion for Summary Judgment in Civil No. 15-00317, arguing that Plaintiff Hawaii Medical Services Association cannot recover on an alleged equitable lien under 29 U.S.C. § 1132(a)(3) because Noetzel no longer possesses identifiable settlement funds recovered in the underlying personal injury liability action.  Civil No. 15-310, ECF No. 57, PageID # 841. Noetzel also seeks judgment on HMSA's claim that she failed to comply with the terms of HMSA's health insurance policy.  *Id.*, PageID #s 841-42.  In its February 6, 2017 Memorandum in

Opposition to Noetzel's Motion for Summary Judgment, HMSA argues, in part, that this court should deny the motion in light of HMSA's pending discovery requests, citing Rule 56(d) of the Federal Rules of Civil Procedure.  ECF No. 66, PageID #s 901-02.

Rule 56(d) states that, after a motion for summary judgment is filed, "if a nonmovant shows by affidavit or declaration that, for some specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).  In 2010, Rule 56 was amended, and the advisory committee noted, "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."  Fed. R. Civ. P. 56(d) advisory comm. n.  Accordingly, the earlier case law on Rule 56(f) applies.

Rule 56(d) permits a district court to continue a summary judgment motion "upon a good faith showing by affidavit that the continuance is needed to preclude summary judgment." *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).  A party requesting a continuance bears the burden of (1) filing a timely application that specifically identifies relevant information; (2) demonstrating that there is some basis to

2

believe that the information sought exists; and (3) establishing that such information is essential to resist the summary judgment motion.  *See Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1130 (9th Cir. 2004) (citation omitted); *accord Moss v. U.S. Secret Serv.*, 572 F.3d 962, 966 n.3 (9th Cir. 2009) ("Rule 56([d]) requires a party seeking postponement of a summary judgment motion to show how additional discovery would preclude summary judgment and why it cannot immediately provide specific facts demonstrating a genuine issue of material fact." (punctuation, quotations, and citations omitted)).

   In its opposition and concise statement of facts, HMSA explains what outstanding discovery would show and how those facts are essential to opposing Noetzel's motion for summary judgment.  Counsel for HMSA has also submitted in a declaration the timeline of the discovery requests and attached as exhibits pending discovery requests and a future possible discovery request.

   This court concludes that HMSA has identified relevant information demonstrating that there is some basis to believe that the information sought exists and that such information is essential to oppose the motion.  Accordingly, pursuant to Rule 56(d), this court continues the hearing on Noetzel's motion for

summary judgment to July 10, 2017, to allow time for discovery. HMSA may file a supplemental opposition brief of no more than 1,500 words by June 13, 2017. Noetzel may file a supplemental reply brief of no more than 750 words by June 20, 2017.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 21, 2017.

/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Elizabeth Noetzel v. Hawaii Medical Service Association, Civ. No. 15-00310 SOM-KJM; and Hawaii Medical Service Association v. Elizabeth Noetzel, Civ. No. 15-00317 SOM-KJM (consolidated cases); ORDER CONTINUING HEARING ON NOETZEL'S MOTION FOR SUMMARY JUDGMENT.